**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RICARDO GARCIA and GIOVANNY BELLO,
*on behalf of themselves,*
*FLSA Collective Plaintiffs*
*and the Class,*

        Plaintiff,

v.

MARCO POLO CATERERS, INC.
   d/b/a TOCQUEVILLE,
MARCO MOREIRA and JO ANN MAKOVITZKY,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff RICARDO GARCIA and Plaintiff GIOVANNY BELLO ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against MARCO POLO CATERERS, INC. d/b/a TOCQUEVILLE, ("Corporate Defendant") and MARCO MOREIRA and JO ANN MAKOVITZKY ("Individual Defendants," and together with the Corporate Defendant, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime, (3) unpaid wages due to time shaving, (4) unpaid wages due to invalid tip credit, (5) liquidated damages, and (6) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime, (3) unpaid wages due to time shaving, (4) unpaid wages due to invalid tip credit, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff RICARDO GARCIA, for all relevant time periods, was a resident of Long Island City, New York.

7. Plaintiff GIOVANNY BELLO, for all relevant time periods, was a resident of New York, New York.

8. Defendants own and operate a restaurant under the trade name "TOCQUEVILLE" located at 15 E 15th St., New York, NY 10003 (the "Restaurant").

9. Corporate Defendant MARCO POLO CATERERS, INC., is a domestic business corporation organized under the laws of the State of New York with an address for service of process

at Carol Wolfenson Attorney At Law 450 Seventh Avenue Ste. 2209, New York, NY 10123, and a principal place of business located at 15 West 15th Street New York, New York 10003. Defendants operate the Restaurant through Corporate Defendant.

10. Individual Defendant MARCO MOREIRA is an owner and principal of the Corporate Defendant MARCO POLO CATERERS, INC. Defendant MARCO MOREIRA exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Defendant MARCO MOREIRA frequently visits the Restaurant. Defendant exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the Restaurant could complain to Defendant MARCO MOREIRA directly regarding any of the terms of their employment, and Defendant MARCO MOREIRA would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant MARCO MOREIRA had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs, and Class members and could reprimand employees.

11. Individual Defendant JO ANN MAKOVITZKY is an owner and principal of Corporate Defendant MARCO POLO CATERERS, INC. Defendant JO ANN MAKOVITZKY exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Defendant JO ANN MAKOVITZKY frequently visits the Restaurant. Defendant exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect

the quality of employment, including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the Restaurant could complain to Defendant JO ANN MAKOVITZKY directly regarding any of the terms of their employment, and Defendant JO ANN MAKOVITZKY would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant JO ANN MAKOVITZKY had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs, and Class members and could reprimand employees.

12. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and the Regulations thereunder.

13. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

14. At all relevant times, Defendants employed at least eleven (11) employees within the meaning of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including but not limited to waiters, runners, bussers, bartenders, food preparers, porters, line-cooks, cooks, chefs, dishwashers among others) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper compensation for all hours worked, due to a policy of time shaving. The claims of Plaintiffs stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all current and former non-exempt employees (including but not limited to waiters, runners, bussers, bartenders, food preparers, porters, line-cooks, cooks, chefs, dishwashers among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

20. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the

precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of amongst others, servers, runners, bussers, and bartenders ("Tipped Subclass") who also number more than forty (40). Plaintiff, GIOVANNY BELLO, is a member of both the Class and the Tipped Subclass.

21.     Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same Defendants' corporate practices of (i) failing to pay proper compensation for all hours worked, (ii) failure to pay proper overtime, (iii) failing to pay proper wages, including those due to time shaving, (ii) failing to provide Class members with proper wage statements with every payment of wages, and (iii) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the NYLL.

22.     With regards to Plaintiff GIOVANNY BELLO and the Tipped Subclass, Defendants' also failed to pay them the proper minimum wage and proper overtime due to Defendants' policy and practice of claiming an invalid tip credit. Defendants were not permitted to claim a tip credit because Defendants claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for twenty percent (20%) or more of his workday and included an improper employee, a sommelier in the tip pool.

23.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages

arising from the same unlawful policies, practices and procedures.

24. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is

empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiffs and Class members;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and Class members for their work;

    d) Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

    e) Whether Defendants provided proper notice to Plaintiff and the Tipped Subclass that Defendants were taking a tip credit;

    f) Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

g) Whether Defendants included proper employees in the tip pool for Plaintiff and the Tipped Subclass members under the NYLL;

h) Whether Defendants properly compensated Plaintiffs and Class members for all hours worked under state and federal law;

i) Whether Defendants caused time-shaving by paying Plaintiffs and Class members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

j) Whether Defendants provided to Plaintiffs and Class members annual wage notices, as required under the NYLL; and

k) Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by NYLL.

## STATEMENT OF FACTS

28. *Plaintiff RICARDO GARCIA:*

    (a) In 2005, Plaintiff RICARDO GARCIA began employment with Defendants as a cook for Defendants' Restaurant.

    (b) Since 2011, his schedule was 2pm to 10pm, 4 days per week since 2011. Plaintiff worked approximately 30 hours per week since 2011.

    (c) Throughout Plaintiff's employment by Defendants, Plaintiff was required to clock out for a thirty (30) minute meal break every day. However, at least three days a week, Plaintiff did not take the break. Plaintiff was not paid for such off-the-clock work and as a result, was time-shaved one and a half (1.5) hour per week.

    (d) From the start of her employment until January 2020, Plaintiff RICARDO GARCIA was compensated at a rate of sixteen dollars ($16.00) per hour, for all hours worked up to forty (40) hours per week, and at an overtime rate of twenty one dollars and seventy five cents ($24.00) for hours worked over forty (40) hours per week. From January 2020 onward Plaintiff was compensated at a rate of twenty ($20) dollars per hour, for all hours worked up to forty (40) hours per week, and at an overtime rate of twenty two dollars and fifty cents ($22.50) for hours worked over forty (40) hours per week.

    (e) In March 2020 Plaintiff's employment was terminated.

29. *Plaintiff GIOVANNY BELLO:*

    (a) In September 2019, Plaintiff GIOVANNY BELLO was hired by Defendants to work as a food runner for Defendants' Restaurant.

    (b) From the start of employment with Defendants until March, 2019, Plaintiff GIOVANNY BELLO worked from 3:30pm to 12:00am for five (5) days per week, for approximately forty two and a half (42.5) hours per week. Additionally, approximately once every other week, Plaintiff would pick up an extra shift.

    (c) Throughout Plaintiff's employment by Defendants, Plaintiff was required to clock out for a thirty (30) minute meal break every day. However, at least three days a week, Plaintiff did not take the break. Plaintiff was not paid for such off-the-clock work and as a result, was time-shaved one and a half (1.5) hour per week.

10

(d) From the start of employment until March 2020, Plaintiff GIOVANNY BELLO was compensated the tip credit minimum wage at a rate of ten dollars ($10.00) per hour, for all hours worked up to forty (40) hours per week, and at an overtime rate of seventeen dollars and fifty cents ($17.50) for hours worked over forty (40) hours per week.

(e) During Plaintiff's employment with Defendants, Plaintiff was required to engage in various non-tipped activities, such as sweeping, mopping and vacuuming the floor, cleaning the bathroom, transferring food between restaurant locations, washing the dishes, and preparing the food, for twenty percent (20%) or more of the workday.

(f) Plaintiff was terminated in March 2020.

(g) Plaintiff was never paid for the last 2 weeks of employment.

30. Throughout their entire employments, Plaintiffs, FLSA Collective Plaintiffs and Class members were not properly compensated for all hours worked, due to Defendant's policy of time-shaving. Defendants deducted thirty (30) minutes per workday for meal breaks from Plaintiffs, FLSA Collective Plaintiffs and Class members. At least three times a week, Plaintiffs did not take this break, but Defendants still deducted the thirty (30) minutes. This resulted in Plaintiffs, FLSA Collective Plaintiffs and Class members not being compensated for one and a half (1.5) hours per week. As a result, Plaintiffs, FLSA Collective Plaintiffs and Class members suffered from a total of three (3) hours of time-shaving per workweek.

31. With regards to Plaintiff GIOVANNY BELLO, FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiff GIOVANNY BELLO, FLSA Collective Plaintiffs and the Tipped

Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for twenty percent (20%) or more of his workday and (ii) failed to have a valid pool arrangement, which improperly included a sommelier.

32. Defendants failed to provide Plaintiffs and Class members with proper wage notices at hiring and annually thereafter. Plaintiffs did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

33. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked due to a policy of time-shaving.

34. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

35. Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

36. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiffs reallege and reaver Paragraphs 1 through 36 of this Class and Collective Action Complaint as if fully set forth herein.

38. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

41. At all relevant times, the Defendants engaged in a policy of time-shaving, including refusing to compensate Plaintiffs and FLSA Collective Plaintiffs for all of their hours worked.

42. Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

44. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

46. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including those resulting from time-shaving, and an equal amount as liquidated damages.

47. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

48. Plaintiffs reallege and reaver Paragraphs 1 through 47 of this Class and Collective Action Complaint as if fully set forth herein.

49. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

50. At all relevant times, the Defendants engaged in a policy of time-shaving, refusing to compensate Plaintiffs and Class members for all of their hours that they worked each week.

51. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them proper wages in the lawful amount for hours worked. Defendants were not entitled to claim any tip credits.

52. Defendants failed to provide proper wage statements with correct payment as required by NYLL § 195(3).

53. Due to the Defendants' NYLL violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid wages, unpaid overtime wages, resulting from time

shaving and invalid tip credit, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid compensation due under the FLSA and NYLL due to Defendants' policy of time-shaving;

d. An award of unpaid wages due under the FLSA and the NYLL, including those due to an invalid tip credit;

e. An award equal to the amount of the improperly retained tips withheld by Defendants;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours of work, pursuant to the NYLL;

h.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.  Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

j.  Designation of this action as a class action pursuant to FRCP 23;

k.  Designation of Plaintiffs as Representatives of the Class; and

l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: October 5, 2020

> Respectfully submitted,
> By:   */s/ C.K. Lee*
>         C.K. Lee, Esq.
>
> LEE LITIGATION GROUP, PLLC
> C.K. Lee (CL 4086)
> Anne Seelig (AS 3976)
> 148 West 24th Street, 8th Floor
> New York, NY 10011
> Tel.: 212-465-1188
> Fax: 212-465-1181
> *Attorneys for Plaintiffs,*
> *FLSA Collective Plaintiff and the Class*